JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

HENRY Z. CARBAJAL III (CSB No. 237951)
hcarbajal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
NGMOCO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NGMOCO, Inc., a Delaware corporation, | Case No. CV 09 1384 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |
| v. | |
| GAMELOFT, S.A., | |
| Defendants. | |

COMPLAINT FOR DECL. RELIEF                                            CASE NO. _____

Plaintiff ngmoco, Inc. ("ngmoco") for its Complaint alleges as follows:

## THE NATURE OF THE ACTION

1. As virtually any 3-year-old with a set of building blocks can attest, no one owns the idea of a "stacking" game, where the object is to see how high one can build a tower before it falls. In this action for declaratory judgment and attorneys' fees, ngmoco seeks to eliminate any doubt that its successful "Topple" video game, released in October 2008, and the sequel, "Topple 2," released in March 2009, do not infringe on any copyright in and to the game "Wonder Blocks" allegedly owned by defendant Gameloft, S.A. ("Gameloft"), which has demanded that ngmoco stop distributing its Topple games.

2. Having been threatened with legal action, ngmoco seeks a declaration from this Court that Topple and Topple 2 do not infringe on any copyrights owned by Gameloft, because any similarities between Topple and Topple 2 compared with Wonder Blocks are driven by the wholly unprotectable idea of stacking assorted blocks as high and as creatively as one can before they fall, and that this unprotectable idea will necessarily yield similarities of ideas, game procedure and functions, materials in the public domain, *scenes á faire* and other trivial and random similarities that cannot give rise to a copyright claim. Plaintiff ngmoco seeks declaratory judgment on these bases (and the additional bases described herein) so that there will be no controversy clouding the right of ngmoco or others to continue distributing Topple, Topple 2 or ancillary products.

## JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Copyright Act, 17 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims herein occurred in this judicial district, and that Gameloft is subject to personal jurisdiction in this district by virtue of its transacting, doing and soliciting business in this district.

COMPLAINT FOR DECL. RELIEF                                              CASE NO.

## INTRADISTRICT ASSIGNMENT

5. As this action seeks declaratory relief as to an intellectual property issue, it is subject to district-wide assignment pursuant to Civil L.R. 3-2(c). This action arises in San Francisco County, where Plaintiff ngmoco is located and where a substantial part of the actions, statements, and threats described below were directed.

## PARTIES

6. Plaintiff ngmoco is a company organized and existing under the laws of the state of Delaware, licensed to do business in California, with its principal place of business in San Francisco, California.

7. Plaintiff ngmoco is informed and believes, and on that basis alleges, that Defendant Gameloft, S.A. is a citizen of, and a corporation organized under the laws of, the Nation of France, with a principal place of business located at 14, rue Auber-75009, Paris, France. Upon information and belief, Gameloft is an international publisher of video games for mobile phones and consoles. Upon information and belief, Gameloft distributes its games in the United States and the state of California.

8. Plaintiff ngmoco is informed and believes, and on that basis alleges, that Gameloft has engaged in continuous and systematic business in California and within this judicial district, by, *inter alia*, distributing or authorizing the distribution of video games, and selling or authorizing the sale of the video games in this judicial district. Upon information and belief, Gameloft has a corporate office within this judicial district at 625 Third Street, San Francisco, California, 94107.

## GENERAL ALLEGATIONS

### NGMOCO and Its Topple Video Games

9. Plaintiff ngmoco is a developer, publisher and distributor of video games and other software compatible with Apple Inc.'s iPhone and iPod Touch products. Plaintiff ngmoco has created several highly successful iPhone games, including Maze Finger, Topple, Topple 2 and Rolando.

10. There are many genres of video games, including shooters, fighting, racing and

puzzle games. Each genre has its own distinct characteristics. The puzzle game genre, which is associated with classic games such as Sudoku and Tetris, is defined by both theme and gameplay style. Ubiquitous to the puzzle game genre are object stacking games, where a player must organize and stack various objects, such as blocks or other shapes, to make a tower or other structure that resists collapse. Success in the game depends on the height and stability of the constructed tower and efficient use of the objects provided to the player by the game.

11. In October 2008, ngmoco released its object-stacking game "Topple" for the Apple iPhone and iPod Touch devices and offered the game for sale via the Apple iTunes App Store. In "Topple," a player must stack a family of variously shaped blocks using the iPhone's controls to slide, rotate and drop the blocks into stacking position onto a foundational block platform. As towers are constructed, the structure often teeters from side to side, indicating possible collapse. Each block has a human-like face, with eyes and a mouth, that indicates its stability or danger of falling from the structure by varying facial expressions.

12. Like all iPhone applications, Topple utilizes the iPhone's built-in controls. For instance, Topple takes advantage of the iPhone's "accelerometer" – an electromechanical device that detects the position and motion of the iPhone. In Topple, to prevent a tower from collapsing, a player must tilt the iPhone to offset the direction of the teetering.

13. Although training and freestyle play modes are available, in the level mode of Topple a player must construct a tower past a pre-determined height line within a certain time limit to access a subsequent, more difficult level. Bonus points are awarded for a tower that exceeds an even higher height line.

14. In March 2009, ngmoco released an updated version of Topple with enhanced features, called "Topple 2." In addition to the gameplay of Topple, Topple 2 included new visual backgrounds, four new game modes and the ability to challenge friends online in a "versus" mode.

15. Both Topple and Topple 2 were independently created by ngmoco.

16. Aside from Topple and Topple 2, there are literally dozens of other video games for the iPhone, PC and other platforms with the theme and purpose of stacking objects to make a

stable tower or structure. This includes, among many others, Tower Bloxx Deluxe 3D (iPhone game where player stacks building-shaped blocks to construct skyscrapers), Tiki Towers (iPhone game where player stacks bamboo and coconut shapes to build towers and bridges), Tower (iPhone game where player builds tower from layers of blocks by dropping blocks from horizontally moving block layers ), Stack-Um (iPhone game where player stacks rows of blocks as high as possible in order to level up), and Super Stacker 2 (web-based game where player stacks various shapes of blocks to form a pre-determined structure). Moreover, outside of the video game realm, block stacking and tower-building games—such as Jenga—existed long before Topple or the Wonder Blocks game allegedly owned by Gameloft. In no sense is the theme, concept or idea of a block-stacking game to build a tower or structure original to Gameloft.

**Gameloft's Wonder Blocks Game**

17.     Gameloft claims to be the exclusive owner of the copyright in a puzzle video game called "Wonder Blocks." Upon information and belief, Wonder Blocks is offered as a game for the mobile telephone (non-iPhone) platform, and has also been ported for use on Apple Computer's iPod device. The game is not compatible with the iPhone or iPod Touch devices. Upon information and belief, Gameloft claims that the Wonder Blocks game "challenge[s] [a player's] block-stacking talents and . . . sense of precision in a fight against time and instability." In the game, a player purportedly "overcom[es] challenges to rebuild marvelous structures, from the Egyptian pyramids to the Eiffel Tower." Upon information and belief, a player uses the buttons on a mobile telephone or the scroll wheel of an Apple iPod to move and rotate blocks into stacking position. A time limitation for stacking is denoted by a rising level of water threatening to engulf the tower.

**The Controversy Between The Parties**

18.     In March 2009, shortly after Topple 2 was released, ngmoco received a letter dated March 19, 2009 signed by the general counsel of Gameloft, S.A. concerning the Topple and Topple 2 video games. In that letter, Gameloft stated its position that Topple and Topple 2 infringe Gameloft's copyright in and to the Wonder Blocks game. As evidence of this alleged "infringement," Gameloft's letter pointed to alleged similarities in wholly unprotectable aspects

of the games, such as "build[ing] towers using blocks of various shapes and sizes;" the "presence of obstacles" and "simulation of the real physics of block collisions." The letter even complained about the fact that Topple uses the iPhone's built-in controls, identifying the "use of the accelerometer system to control the movement of the blocks" as evidence of alleged infringement. The letter also stated Gameloft's position that "NGMOCO's actions constitute copyright infringement . . . and subject [it] and [its] distributors to a variety of damages and penalties. . . ." The letter further demanded that ngmoco (1) immediately cease all "use, development, display, distribution, and advertising" of Topple and Topple 2 and similar games, (2) provide Gameloft with a list of third party distributors of Topple and Topple 2, (3) provide an accounting of revenues and profits from Topple and Topple 2, and (4) agree in writing not to develop games or applications similar to Wonder Blocks or Gameloft's other games or copyrighted material.

19. In the March 19, 2009 letter, Gameloft specifically noted that if ngmoco failed to comply with its cease and desist demands by March 27, 2009:

> Gameloft will initiate all over the World, any and all necessary proceedings and action including judiciary permitting to enforce and protect its rights.

20. The explicit threat of litigation described above has created in ngmoco a reasonable apprehension of imminent suit by Gameloft for copyright infringement relating to the Topple and Topple 2 games.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – No Copyright Infringement: 17 U.S.C. § 501)**

21. Plaintiff ngmoco incorporates by reference all the allegations of paragraphs 1 through 20, inclusive.

22. This Claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202. An actual controversy presently exists between ngmoco and Gameloft, regarding ngmoco's Topple and Topple 2 video games, particularly whether the video games infringe Gameloft's alleged copyrights. In the letter dated March 19, 2009 sent to ngmoco, Gameloft contends that the Topple video games infringe Gameloft's copyrights. Gameloft has further demanded that

COMPLAINT FOR DECL. RELIEF          5          CASE NO. _____

1  ngmoco immediately cease and desist selling the Topple and Topple 2 video games.

2      23.    Plaintiff ngmoco contends that the Topple and Topple 2 video games were independently created and do not directly or indirectly infringe any copyrights owned or held by Gameloft relating to Wonder Blocks.

    24.    Plaintiff ngmoco hereby requests a declaration of this Court under the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of ngmoco and Gameloft. In particular, ngmoco requests a declaration that the Topple and Topple 2 video games do not directly or indirectly infringe Gameloft's copyrights (if any), so that there will be no controversy clouding ngmoco's right to continue distributing the Topple and Topple 2 video games.

    25.    Because of Gameloft's actions and threats described herein, ngmoco has a reasonable and strong apprehension that it and/or related third parties will soon be faced with a copyright infringement suit brought by Gameloft. Accordingly, an actual controversy has arisen and exists between ngmoco and Gameloft within the meaning of 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

THEREFORE, ngmoco prays for judgment against Gameloft as follows:

A.    Plaintiff ngmoco requests a declaration that ngmoco has not infringed any copyrights owned or held by Gameloft related to the Wonder Blocks game;

B.    Injunctive relief restraining Gameloft, its agents, licensees, servants, employees, successors, and assigns, and all others in concert and privity with them, from bringing any lawsuit or threat against ngmoco or any other person or entity for copyright infringement in connection with the development, marketing, or distribution of the Topple and Topple 2 video games;

C.    An award of the costs, expenses, and attorneys' fees incurred by ngmoco herein pursuant to pursuant to 17 U.S.C. § 505; and

//
//
//
//

E. Such other and further relief as the Court deems proper and just.

Dated: March 30, 2009

FENWICK & WEST LLP

By: /s/ Jedediah Wakefield
Jedediah Wakefield

Attorneys for Plaintiff NGMOCO, INC.

## DEMAND FOR JURY TRIAL

Plaintiff ngmoco hereby requests a trial by jury of all issues so triable.

Dated: March 30, 2009

FENWICK & WEST LLP

By: _____
Jedediah Wakefield

Attorneys for Plaintiff NGMOCO, INC.